PATRICK RYAN *vs.* HERMAN E. LONG.

July 9, 1886.

**Attorney and Client—Negligence.**—Where an attorney at law is, as such, called upon for "legal advice" by a person acting for himself, and he thereupon assumes to give a professional opinion in relation to the matter as to which he is consulted, the relation of attorney and client arises between him and the person so consulting him.

Plaintiff brought this action in the municipal court of Duluth, to recover damages alleged to have been occasioned by defendant's negligence as an attorney-at-law. The action was tried by the court, and judgment directed for the plaintiff, from which the defendant appeals.

*O. L. Young,* for appellant.

*White & Reynolds,* for respondent.

BERRY, J. As the return contains no settled case nor bill of exceptions, the appellant cannot here take advantage of the insufficiency of the evidence, or of any error in the conduct of the trial below. He can only urge that the conclusion of law is not supported by the findings of fact. The only point made by him in this regard, or, at any rate, the only one to which it is necessary for us to advert, is that it is not found that the relation of attorney and client existed between defendant and plaintiff at the time of the professional negligence complained of. The finding as to this matter is not clean cut. As is quite frequently the case, there is some admixture of evidence with conclusions of fact. Nevertheless, it sufficiently appears that plaintiff, for himself, called upon defendant, as an attorney-at-law, for "legal advice," and that defendant assumed to give him a professional opinion in reference to the matter as to which plaintiff consulted him. Upon this state of facts the defendant must be taken to have acted as plaintiff's legal adviser, at plaintiff's request, and so as to establish between them the relation of attorney and client. Weeks, Attys. § 185. The fact that defendant had also been acting as the attorney

of another party, (Rivit,) as to the same matter, does not interfere with this conclusion.

Judgment affirmed.